UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————— x

OUSSAMA EL OMARI,

               Plaintiff,

    v.

DECHERT LLP,
NICHOLAS PAUL DEL ROSSO, and
VITAL MANAGEMENT SERVICES, INC.,

               Defendants.

——————————————————————— x

Case No.: 23-cv-04607 (   ) (   )

**DECLARATION OF
SCOTT M. MOORE**

I, the undersigned, **SCOTT M. MOORE**, pursuant to 28 U.S.C. 1746, make the

following declaration in support of Plaintiff's motion for preliminary injunction, and state as

follows:

    1)     I am a member of Moore International Law PLLC and represent the Plaintiff,

Oussama El Omari, in the above referenced action. I also previously represented Mr. El Omari as

plaintiff counsel in Cases 16-cv-3895 and 20-cv-2601 in this District. Case number 16-cv-3895

was filed on May 25, 2016, and its dismissal was upheld on appeal to the Second Circuit on

August 23, 2018. Case number 20-cv-2601 was filed on March 27, 2020, and its dismissal was

upheld on appeal on October 18, 2022.

    2)     Annexed hereto are Plaintiffs' Exhibits numbered 1-10. The documents therein

are true copies of the stated documents and where the documents are public documents the Court

is requested to take judicial notice of said documents.

    3)     The redacted bank records of CyberRoot Risk Advisory Private Limited, annexed

as Exhibit 2, are publicly available in at least one other federal court's ECF system.

4) On January13, 2023, I received a notice pursuant to a U.K. court order, concerning disclosure by the London law firm, Stokoe Partnership Solicitors, ("Stokoe"), of their discovery of three data storage devices in their U.K. litigation. Stokoe is counsel for the plaintiffs in consolidated cases of *Al Sadeq v. Dechert LLP, Neil Gerrard, David Hughes, and Caroline Black*, Claim No. QB-2020-000322, *Stokoe Partnership Solicitors v. Dechert LLP David Neil Gerrard*, Claim No. QB-2020-002492, *Quzmar v. Dechert LLP and Neil Gerrard*, Claim No. QB-2020-003142, In the High Court of Justice, King's Bench Division. ("the U.K. litigation"). The undersigned had no prior contact from or with Stokoe. U.K. court documents I received at that time are annexed hereto as exhibits 5-8. Later, the undersigned obtained exhibits 9-10 related to certain other parties fiercely claiming ownership and making applications in the U.K. litigation seeking to regain possession of their claimed three storage devices. To the undersigned's knowledge, as of this date, the U.K. High Court has not as yet issued a ruling on possession of the three devices, and they remain in the possession of Stokoe at present.

5) According to the U.K. Court papers, one device, a laptop, was found to contain a backup copy of emails containing my professional email address, smm@milopc.com. This disclosure did not include the email contents or identify any sender or recipient addresses. On January 18, 2023, I sent a letter to Stokoe asserting attorney-client privilege over the emails containing my professional address. I understand Stokoe notified all the parties in the U.K. litigation claiming ownership of the three devices, and the U.K. High Court, of my assertion of privilege. As explained in the memorandum of law, subsequent investigation shows the emails are highly likely to be privileged and confidential attorney-client communications between my client, Oussama El Omari, and myself relating to our prior litigation in this District, which were cases 16-cv-3895 and 20-cv-2601. The parties presently claiming ownership of the three

2

disclosed devices in the U.K. litigation were adverse to Mr. El Omari and myself in the above litigation in this District.

6)      According to U.K. litigation papers, as explained in Plaintiff's memorandum of law, Nicholas Paul Del Rosso, Dechert LLP's admitted private investigator, claims ownership and seeks return of the laptop in the U.K. litigation. Dechert LLP's New York office by its attorney Linda Goldstein represented and defended defendant Sheikh Saud Bin Saqr Al Qasimi, the Ruler of Ras Al Khaimah, an Emirate of the U.A.E., and defendant Ras Al Khaimah Free Trade Zone Authority, being adverse parties in case 16-cv-3895. Dechert LLP was itself a self-represented defendant with Attorney Goldstein a defense attorney of record in case 20-cv-2601.

7)      According to U.K. litigation papers, as explained in Plaintiff's memorandum of law, Mr. Del Rosso and Dechert LLP, both claim ownership of a second disclosed device, an Aegis drive. Mr. Del Rosso appears to not contest that Dechert LLP take possession.

8)      According to U.K. litigation papers, as explained in Plaintiff's memorandum of law, James Buchanan claims ownership of a third disclosed device, a Seagate drive. Mr. Buchanan was a defendant and adverse in case 20-cv-2601.

9)      I provide the following information to the Court for the limited purpose of explaining why a search was able to be conducted after the January 13, 2023 disclosure of the laptop to find specific malicious phishing emails sent to Mr. El Omari. On the same date, January 13, 2023, the undersigned was contacted by an independent, credible and confidential source who was confirmed to be a professional journalist published with a major international news organization. The journalist is here referred to as "Reporter A." As to Reporter A, the undersigned asserts Attorney Work Product Privilege, and Reporter Privilege including under New York's Shield Law, New York Civil Rights Law § 79-h. Nothing in this declaration waives

3

these privileges. Reporter A did not disclose any sources to me. The undersigned subsequently received potentially viable leads from Reporter A enabling a search to be conducted for specific phishing emails targeting two email accounts of Mr. El Omari's in the time period December 2016 and January 2017.

10) After a search was conducted of Mr. El Omari's two email accounts further to the leads from Reporter A, three suspected phishing emails were in fact found. The three emails were forensically collected and analyzed by Plaintiff's forensic computer expert, Tim Kiefer. Mr. Kiefer determined the three emails had similar sender characteristics, and specifically an email from January 12, 2017 was in fact found to contain a malicious attachment. Mr. El Omari in his declaration identifies the three phishing emails, and how Mr. El Omari opened the malicious attachment at the time. Mr. Kiefer collected and analyzed the three emails in his report which is attached to his declaration in support of this motion. As pointed out in Mr. Kiefer's report, the hacker having access to Mr. El Omari's email account, would permit email monitoring and copying by the hacker.

11) Reporter A did not provide any information that the undersigned's email account was targeted. The same search in the undersigned's email account yielded no results. No evidence of a breach or hacking of the undersigned's email account, smm@milopc.com, was found by me.

FURTHER YOUR DEPONENT SAYETH NOT.

WHEREFORE, I declare under penalty of perjury that the foregoing is true and correct. Executed on this 1st day of June, 2023.

_____
Scott M. Moore

4