

# MOORE
### INTERNATIONAL LAW PLLC

INTERNATIONAL LEGAL MATTERS

_____

WRITER: SCOTT MICHAEL MOORE
SMM@MILOPC.COM
LICENSED & ADMITTED
SUPREME COURT OF THE UNITED STATES OF AMERICA
U.S. COURT OF APPEALS FOR THE FEDERAL CIRCUIT
U.S. COURT OF INTERNATIONAL TRADE
OTHER U.S. FEDERAL COURTS
STATES OF NEW YORK & MICHIGAN only
LONDON COURT OF INTERNATIONAL ARBITRATION

**ROCKEFELLER CENTER**
**45 ROCKEFELLER PLAZA, 20TH FLOOR**
**NEW YORK, NEW YORK 10111 USA**
**TELEPHONE: + (212) 332-3474**
**FACSIMILE: + (212) 332-3475**
**WWW.MILOPC.COM**

Via ECF

7 September 2023

Hon. Ona T. Wang, M.J.
United States District Court
500 Pearl Street
New York, NY 10007

> Re: *El Omari v. Dechert LLP, et al,* Case No. 23-cv-04607 (S.D.N.Y.)
> **EMERGENCY APPLICATION FOR TRO**

Dear Judge Wang:

      This firm represents Oussama El Omari, Plaintiff in the above action. Presently the Court has set a settlement hearing scheduled to be held by telephone on Tuesday, September 12, 2023 at 2:30 pm, to be attended by Plaintiff and Defendants Nicholas Del Rosso and Vital Management Services, Inc. (the "Vital Defendants"), relating to the Vital Defendants' intention to "extract" the subject emails from the Laptop. (See ECF 33) This was a sticking point to resolution of Plaintiff's motion for preliminary injunction as to the Vital Defendants. (ECF 6) See attached Proposed Stipulation to Preserve Evidence between Plaintiff and the Vital Defendants, which was rejected by the Vital Defendants. The parties presently are in a briefing schedule on the Defendants' respective motions to dismiss and Plaintiff's motion for preliminary injunction. As will be explained in more detail in Plaintiff's motion to dismiss response papers under preparation, the Vital Defendants' position on the Laptop in their memorandum of law (ECF 35) is all over the place and difficult to pin down. The take-away appears to show a smoke and mirrors argument, and a flagrant disregard and apparent violation of Fed. R. Civ. P. 37(e) and related spoliation of evidence law by the Vital Defendants of their duty to preserve the subject emails on the Laptop. This is vividly evident after this action and motion was filed on June 1, 2023.

      Today, it has come to the undersigned's attention that definitive evidence exists of the Vital Defendants' recent plan put before a U.K. court to extract the subject emails from the Laptop, in flagrant defiance of their Fed. R. Civ. P. 37(e) duty to preserve evidence, made crystal clear by the complaint and sought to be enforced by the motion filed in this action on June 1, 2023. It has turned out that during the 60-day liberal extension period sought by and granted to the Vital Defendants to answer the complaint, (see, Stipulation and Order. ECF 25), and the present liberal briefing schedule, the Vital Defendants have been actively negotiating over the pond for a procedure to extract the subject emails in the U.K. courts. See annexed Del Rosso Parties Proposed Order (UK). The subject emails are referred to therein as "the Moore Data." *Id.*, ¶ 4. The Del Rosso Defendants have been busy manufacturing a potential U.S.-U.K. ruling

7 September 2023

Page 2 of 3

**MOORE**
**INTERNATIONAL LAW PLLC**

conflict on the handling of the subject emails on the Laptop since June 1, 2023. As of today, there has been no U.K. ruling on the Del Rosso Defendants' Proposed Order (UK).[1]

       Here, the Vital Defendants only acknowledge a vague "litigation hold" without any details, including whether a "hold" applies to the Laptop. (Vital Defs. MOL, at 23) This is only lip-service, as the Vital Defendants clearly intend to "extract" the subject emails from the Laptop. "[A]n independent consultant will determine if the alleged tranche of emails relating to Mr. Moore in fact exist, and if so, will remove them from the Laptop and provide them to Mr. Moore." (Vital Defs. MOL, at 23) This intended course of action completely fails to acknowledge their duty under U.S. law to preserve the subject emails on the Laptop. In truth, the "independent consultant" is not independent and is objected to by El Omari.[2] Moreover, the Vital Defendants extraction plan would destroy the only evidence (a forensic image) showing how the subject emails came to be on the Laptop. (See Plaintiff's Exh. 7. ECF 8-7)

       Earlier, the Vital Defendants raised the parties' motion resolution discussions, correctly pointing out that a stipulation has been entered into between Plaintiff and Dechert. (Rosenthal Letter to the Court, August 22, 2023. ECF 31) However, the Vital Defendants assert, incorrectly, that Plaintiff "refuses to agree to the same terms as to the Vital Defendants." *Id.* Then correctly state that "the motion … as to the Vital Defendants remain in dispute." *Id*. Subsequently in their briefing, the Vital Defendants inconsistently and ambiguously claim they *"agreed to the stipulation with Dechert resolving the need for a preliminary injunction as long as it does not interfere with the rulings by the English Court"* [emphasis added] but point to no stipulation/order in the record. (Vital Defs. MOL, at 2) The bottom line is that, in negotiation, the Vital Defendants declined to enter into the same stipulation as Dechert and specifically as applied to the subject emails on Del Rosso's Laptop.[3] S*ee* Moore Letter to the Court, August 23, 2013. (ECF 32); see also the attached Proposed Stipulation.

---

[1] In their Memorandum of Law in support of their motion to dismiss and opposing Plaintiff's motion for preliminary injunction, the Vital Defendants purport to assert a "ruling" involving the Laptop at a court hearing in the U.K. on August 25, 2023, which was held on the *same date* their answer was due in this Court. The Vital Defendants annexed a U.K. hearing transcript on that date, August 25, 2023. (*See* Exh. D (ECF 40-5) The Vital Defendants assert "The [U.K.] Court intends to issue a judgment and order memorializing its ruling." (Vital Defs MOL, at 1, fn. 2) The fact is the Vital Defendants failed to point to any language by the U.K. judge in the U.K. hearing transcript to support their contention of a conflict with preservation of the subject emails on the Laptop. Even the name "Moore" or the known subject email address of the stolen tranche, "smm@milopc.com", doesn't appear anywhere in the transcript. The "conflicting ruling" is merely the one proposed by the Del Rosso Defendants. In truth, there is no conflict, and even if there was, it would be at the Vital Defendants own making.

[2] The Vital Defendants' represent their so-called independent consultant is "A&M's disputes team in Dubai, which is part of Alvarez and Marsal Middle East Limited performed work for the Ras Al Khaimah Public Prosecutor." The Ras Al Khaimah Public Prosecutor was involved in a prior bogus *in absentia* prosecution of El Omari in RAK and that office is under the authority of "Sheikh Saud Bin Al Qasimi…Ruler of Ras Al Khaimah," a non-party co-conspirator in this action. (see Compl. ¶ 11)

[3] Although Plaintiff sought a stipulation similar to Dechert to resolve the motion for preliminary injunction as to the Vital Defendants, in the end no resolution was achieved. (See annexed Moore to Rosenthal email, 8/14/23). The Del Rosso Parties Proposed Order (UK) show their negotiations with Plaintiff here were not genuine.

7 September 2023

Page 3 of 3

**MOORE**

**INTERNATIONAL LAW PLLC**

As to jurisdiction, there is further evidence of their contacts with New York. Personal jurisdiction is established if a non-resident "[t]ransacts any business within the state or contracts anywhere to supply goods or services in the state." NY CPLR § 302. "We have noted that 'CPLR 302 is a single-act statute requiring but one transaction—albeit a purposeful transaction—to confer jurisdiction in New York'" (internal citations omitted). *State of New York v. Vayu, Inc.*, 2023 NY Slip Op. 00801 (Feb. 14, 2023). Here, there are two specific facts adding to the complaint allegations that point to Del Rosso's business activity in the State of New York. First, Defendant Del Rosso testified at the London trial in *RAKIA v. Azima*, Case No. CR-2016-2798, High Court of Justice of England & Wales, in correcting his witness statement, that on the "date I first delivered a secure drive" (Trial testimony of Nicholas Del Rosso, Jan. 30, 2020, Day 7, p. 54, ln. 16, annexed hereto. " I was flying to New York." (*Id.*, ln. 19). The very fact that he was traveling to New York to deliver a secure drive raises a reasonable inference that Del Rosso had been transacting business with and providing services to Dechert's New York office. Second, delivering a secure drive can be construed as providing services or goods, for such an action likely arose out of a contractual relationship between Del Rosso and Dechert LLP. *See* NY CPLR § 302. In his trial testimony, Del Rosso admitted that his relationship with Dechert LLP had been continuing since August 2014, so he likely delivered the drive in response to his involvement in the investigation. (*See* Del Rosso trial testimony, p. 55, ln. 21) Moreover, one of the three devices that were discovered in the U.K. litigation is the Aegis portable drive, for which ownership is claimed by Del Rosso himself and Dechert LLP. (Compl. ¶ 21) Such claim of ownership implies that Del Rosso had been providing services (such as delivering a portable drive with passcode, similar to the one mentioned in his testimony) to Dechert LLP. Therefore, by delivering a secure drive to Dechert's New York office, Del Rosso provided services and supplied goods in New York. Another fact that points to Del Rosso's business activity in the forum State is that, since 2014, Del Rosso had been involved in the "massive investigation" related to Dechert's representation of Sheikh Saud Bin Saqr Al Qasimi  the Ruler of Ras al Khaimah, U.A.E. (Compl. ¶ 4; *see* Del Rosso trial testimony p. 78, ln. 8) Del Rosso also testified "My role [in this massive investigation] was directed by Dechert…." (*Id.*, p. 78, ln 8-9). This exercise of jurisdiction comports with due process. *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014); *Sonterra Capital Master Fund, Ltd. v. Barclays Bank PLC*, 366 F.Supp.3d 516, 562 (S.D.N.Y. 2018).

For all the above reasons, pursuant to Fed. R. Civ. P. 65 and relying on Plaintiff's Motion for Preliminary Injunction and supporting papers, Plaintiff respectfully requests this Court grant an emergency temporary restraining order to preserve the subject emails on the Laptop in the form of paragraphs 1 and 2 of Plaintiff's motion (ECF 6), or in the alternative, in the form of the annexed Proposed Stipulation for Preservation of Evidence.

Respectfully submitted,

**MOORE INTERNATIONAL LAW PLLC**

BY:      /s/ Scott M. Moore

Scott Michael Moore
Attorney at Law
Counsel for Plaintiff, Oussama El Omari

cc: All counsel of record