

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
ATTORNEYS AND COUNSELORS AT LAW

Samuel Rosenthal
T: 202.689.2915
sam.rosenthal@nelsonmullins.com

330 Madison Avenue, 27th Floor
New York, NY 10017
T 212.413.9000  F 646.428.2610
nelsonmullins.com

September 8, 2023

Via ECF

The Honorable Ona Wang
United States District Court
Southern District of New York
United States District Court
500 Pearl Street
New York, NY 10007
Wang_NYSDChambers@nysd.uscourts.gov

Re:   El Omari v. Dechert LLP, et al., Civil Case No. 23-cv-4607.

Dear Magistrate Judge Wang:

Defendants Nicholas Del Rosso ("Mr. Del Rosso") and Vital Management Services, Inc. ("Vital") submit this letter in response to the letter motion by Plaintiff for a temporary restraining order. As this Court is aware from prior filings, Plaintiff contends that a Laptop in London may have data on it belonging either to Mr. Moore or his client. The Court in London found that the Laptop had been stolen from Defendants, and ordered that it be returned to Mr. Del Rosso's London solicitors, who agreed that it would not be removed from the jurisdiction. Although the Court has yet to finalize the form of its order, Defendants also agreed that any data described by Plaintiff would be removed from the Laptop using an independent consultant, and returned to Plaintiff without Defendants viewing that data. Surprisingly, Plaintiff claims that this is improper and seeks a temporary restraining order which would presumably prevent Defendants from complying with any order entered by the Court in England regarding the Laptop.

To be clear, Defendants have no objection to agreeing to the stipulated preservation order entered by Dechert as long as they are not prohibited from complying with any order entered by the Court in England, which would actually protect — not prejudice — Plaintiff. As to the emergency nature of Plaintiff's application, Defendants have no plans to do anything with the Laptop before Tuesday when this Court has scheduled a telephonic conference that will deal with this issue.

We note at the outset our surprise that this matter is being raised as a request for a temporary restraining order as counsel for Plaintiff was asked this week whether he was available for a "meet

The Honorable Ona Wang,
September 8, 2023
Page 2

and confer" regarding his request for a preliminary injunction. Defense counsel was told as recently as Wednesday that Mr. Moore was unavailable this week to confer, and would be available only on Monday, the day before this Court scheduled a telephone conference on this case where Plaintiff's request for a preliminary injunction was to be discussed. A copy of Mr. Moore's response, advising that he was unavailable this week, is attached to the Rosenthal Supp. Decl., as Exhibit A. The following day, Mr. Moore filed his motion for a temporary restraining order on an emergency basis. It is also difficult to accept his allegation that he was unaware of what was happening in the English court when he was sent an email on August 11, 2023, of such facts, and again on August 21, 2023, when he was told the identity of the independent expert who would remove his data — if it even exists — from the Laptop. *See* ECF 40, Rosenthal Decl., Ex. B,C.

Second, Mr. Moore is seeking to avoid any resolution of the case pending in England by having this Court essentially "enjoin" the English Court from entering an Order which we believe is consistent with the Court's direction in those proceedings. As we long ago advised Mr. Moore, if his client was desirous of participating in those proceedings, which has jurisdiction over the Laptop in question, he should move to do so in that Court. His client evidently has made a tactical decision not to do so. It is clearly improper for Plaintiff to be aware of the proceedings in London, and to sit back and do nothing until hearings have concluded, and then ask this Court to interject itself into those proceedings. Plaintiff's approach is particularly inappropriate when the Court in England agreed to ensure that Plaintiff's rights to maintain the confidentiality of his data would be protected even though Plaintiff chose not to participate in those proceedings.

Finally, given the lack of any "emergency" and need for a temporary restraining order, it would appear that the real motivation for Plaintiff's application is to file what amounts to a reply brief on the issue of jurisdiction. Plaintiff has tried to insert into the record what is at best an isolated event, unrelated to his claims, in order to make up for his deficient pleadings. Personal jurisdiction must be based on something more than "random, fortuitous, or attenuated contacts." *Philpot v. Kos Media LLC*, No. 16-CV-1523, 2017 WL 2270248, at *9 (S.D.N.Y. Apr. 21, 2017) (internal citations omitted). Plaintiff frivolously argues that because Mr. Del Rosso made a trip to somewhere in New York, on some occasion, and delivered a "secure device," he was supplying goods or services within the state within the meaning of the long-arm statute. *See* Pl. Letter, at 3. That is exactly the sort of "random" contact deemed insufficient to establish jurisdiction. *AVRA Surgical Robotics, Inc. v. Gombert,* 41 F.Supp.3d 350, 361 (S.D.N.Y. 2014) (finding jurisdiction lacking under the long-arm statute where defendant was not "regularly do[ing] or solicit[ing] business" in New York" and there was not "persistent course of conduct in New York, as is required," and that he did not "derive substantial—or, in fact, any—revenue from goods used or consumed or services rendered in New York").

Plaintiff's own letter brief shows the extraordinary speculation required to infer from this single, isolated trip that Mr. Del Rosso was supplying goods and services in New York, as required for jurisdiction and venue. Plaintiff has not even been able to allege that the device referenced in Plaintiff's letter, which Defendant delivered to New York, had anything to do with the allegations in this case, or contained any emails or data belonging to Plaintiff. *See, e.g.*, *King County, Wash. v. IKB Deutsche Industriebank, AG,* 1769 F.Supp.2d 309, 313 (S.D.N.Y. 2011) (holding that

The Honorable Ona Wang,
September 8, 2023
Page 3

personal jurisdiction can be predicated on transacting business within the State only if "the claim against the non-domiciliary defendant arises directly out of this activity."). The lack of any nexus between New York and Plaintiff's complaint is particularly telling when it comes to his reference to the Aegis external computer device, *see* Pl. Letter at 3. That device is not even in Defendants' possession and has not been for years. Plaintiff argues that because Mr. Del Rosso testified in a proceeding years earlier that he traveled to New York to deliver a device to someone, and one of the devices at issue in the London litigation involves an external computer device (namely the Aegis device), Mr. Del Rosso must have been delivering the Aegis device in New York. But that non-sequitur does not even address the appropriate legal standard, namely that Plaintiff's claim must arise "directly out of this activity," namely delivering the device in New York. *See King County*, *supra*. Neither the Complaint nor the request for a temporary restraining order makes any attempt to show that Plaintiff's cause of action bears any relationship to that device *or* the trip to New York.

                                      Respectfully submitted,

                                      NELSON MULLINS RILEY &
                                      SCARBOROUGH, LLP

                                      By: /s/ Samuel Rosenthal
                                      Samuel Rosenthal
                                      Counsel for Nicholas Del Rosso and Vital
                                      Management Services, Inc.

cc: All counsel of record (by ECF)