**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0889
DIRECT EMAIL   shecker@kaplanhecker.com

September 8, 2023

**BY CM/ECF**

The Honorable Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 20D
New York, NY 10007-1312

      Re:   *El Omari v. Dechert LLP et al.,* No. 23-cv-04607 (LAK) (OTW)

Dear Judge Wang:

    We represent Defendant Dechert LLP ("Dechert") in the above-referenced action (the "Action"). We write pursuant to Your Honor's Individual Rules of Practice, Section II(b) to respectfully request a stay of discovery in this Action pending resolution of Defendants' motions to dismiss. On August 25, 2023, Dechert and co-Defendant Nicholas Del Rosso ("Del Rosso") filed motions to dismiss the Complaint, *see* ECF Nos. 35 (the "Del Rosso MTD") and 37 (the "Dechert MTD"); Plaintiff's responses to the motions are due September 25, 2023, *see* ECF No. 41. As set forth below, a stay of discovery is warranted here for several reasons. Dechert and Plaintiff met-and-conferred on September 8, 2023, and Plaintiff has no opposition to a stay of discovery as to Dechert.

    By way of brief background, this Action is Plaintiff's fourth litigation in seven years stemming from his former employ with an instrumentality of Ras al Khaimah ("RAK"), one of the seven emirates of the United Arab Kingdom. *See* Dechert MTD at 1. The three prior litigations were dismissed at the pleading stage in decisions that were upheld on appeal. *Id.* at 2–3. In this new Action, Plaintiff alleges that his emails were hacked so that they could be used by Dechert in connection with the defense of two of the prior cases brought by Plaintiff. *See* ECF No. 1 ("Compl.") ¶¶ 30, 36–38. Based on these allegations, Plaintiff brings claims pursuant to the Computer Fraud and Abuse Act (the "CFAA") and conversion under North Carolina law.

    Notably, Judge Gardephe *sua sponte* stayed discovery in a substantially similar case pending in this District, *Azima v. Dechert LLP*, No. 1:22-cv-08728-PGG (S.D.N.Y. 2022) (the "Azima Case"), ECF No. 104. In the Azima Case, plaintiff Farhad Azima makes allegations

KAPLAN HECKER & FINK LLP                                                                                                2

similar to those made here, namely that Dechert, Del Rosso, and several other defendants hacked the plaintiff's emails for use in litigation. *See id.*, ECF No. 1 (Complaint). At present, the motions to dismiss in that case are fully briefed, and discovery remains stayed.

As in the Azima Case, a stay of discovery is warranted here. Courts have broad discretion to stay discovery under the Federal Rules of Civil Procedure "for good cause" shown. Fed. R. Civ. P. 26(c). Courts evaluating good cause consider: (1) whether the defendant has made a strong showing that the plaintiff's claims lack merit by raising "substantial arguments for dismissal," *O'Sullivan v. Deutsche Bank AG*, 2018 WL 1989585, at *4 (S.D.N.Y. Apr. 26, 2018); (2) "the breadth of discovery and the burden of responding to it," *Guiffre v. Maxwell*, 2016 WL 254932, at *1 (S.D.N.Y. Jan. 20, 2016); and (3) the "risk of unfair prejudice to the party opposing the stay," *id*. Here, all three enumerated considerations weigh in favor of a stay.

### I.   Plaintiff's Claims Lack Merit

In assessing whether Defendants have made a strong showing that Plaintiff's claims lack merit, the Court need not "predict the outcome of the pending motion[s] to dismiss," but instead conduct an "initial review" to determine whether the motion "appears not to be unfounded in the law." *Integrated Sys. and Power, Inc. v. Honeywell Intern., Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009). Here, Defendants have filed strong motions to dismiss that would fully dispose of Plaintiff's claims for conversion and violation of the CFAA.

*First*, Plaintiff's claim for conversion is clearly time-barred. Plaintiff alleges that Defendants converted his emails on January 12, 2017. Compl. ¶ 69. Conversion claims are subject to a three-year statute of limitations in North Carolina, N.C. Gen. Stat. § 1-52(4), and courts in that state have unequivocally held that a "discovery rule" does not apply to conversion claims under North Carolina law because N.C. Gen. Stat. § 1-52(4) does not contain language providing for one, unlike other subsections of Gen. Stat. 1-52. *See White v. Consol. Plan, Inc.*, 166 N.C. App. 283, 310 (2004). Thus, because the Complaint was filed six years after the alleged conversion, the claim is time-barred.

*Second*, the CFAA claims fare no better because Plaintiff fails to plead cognizable damage or loss. Indeed, Plaintiff has twice tried, and twice failed, to bring CFAA claims in his prior litigations. *See* Dechert MTD at 3 (citing cases). Here, Plaintiff brings a claim for direct violation of the CFAA and conspiracy to do the same. *See* Compl. ¶¶ 47–67. But in order to establish a violation of the CFAA, a plaintiff must allege a narrow type of statutory "damage or loss," 18 U.S.C. § 1030(g). Indeed, as the Supreme Court has recently stated, the CFAA focuses only on "technological harms—such as the corruption of files—of the type unauthorized users cause to computer systems and data." *Van Buren v. United States*, 141 S. Ct. 1648, 1660 (2021). Here, by contrast, Plaintiff alleges damages such as "legal fees and costs" and "loss of the valuable confidentiality of [his] data," that are of the type clearly beyond the scope of the statute. *See* Compl. ¶¶ 50, 52; *see, e.g.*, *Dreni v. PrinterOn America Corp.*, 486 F. Supp. 3d 712, 736 (S.D.N.Y. 2020) ("litigation-related expenses do not qualify as 'losses' under the CFAA"); *Jensen v. Cablevision Sys. Corp.*, 2017 WL 4325829, at *13 (E.D.N.Y. Sept. 27, 2017) ("invasion of … privacy" not a cognizable loss under CFAA). And while Plaintiff also alleges a loss due to "forensic computer investigation costs," Compl. ¶ 50, the investigation was aimed at "seeking to

restore the complete loss of confidentiality of the emails," *id.*, and courts have repeatedly held that investigation into the downloading and copying of emails—rather than damage to the computer or data—is also not a covered "loss" under the CFAA. *See Better Holdco, Inc. v. Beeline Loans*, 2021 WL 3173736, at *4 (S.D.N.Y. July 26, 2021) (holding investigation into extent of misappropriation of confidential information was not a covered loss); *Reis, Inc. v. Lennar Corp.*, 2016 WL 3702736, at *6 (S.D.N.Y. July 5, 2016) (investigation into "intrusion and a damages assessment" was insufficient absent "allegations that the investigation was for the purpose of looking into any damage to data, programs, or server system").

Plaintiff's CFAA conspiracy claim fails because he failed to plead a substantive violation of the CFAA, *see Espire Ads LLC v. TAPP Influencers Corp.*, 2023 WL 1968025, at *15 n.12 (S.D.N.Y. Feb. 13, 2023), and for the additional reason that Plaintiff fails to allege any "specific allegations of an agreement and common activities," *NetApp, Inc. v. Nimble Storage, Inc.*, 41 F. Supp. 3d 816, 835 (N.D. Cal. 2014) (collecting cases). Instead, Plaintiff makes conclusory allegations that Dechert "either had actual knowledge, or must have strongly suspected the illegal hacking activities." Compl. ¶ 38. Such allegations do not suffice to plead the requisite agreement to sustain a conspiracy claim. *See Hyo Jung v. Chorus Music Studio, Inc.*, 2014 WL 4493795, at *7 (S.D.N.Y. Sept. 11, 2014).

## II. Discovery Would Impose Undue Burden

While Plaintiff has not yet served discovery requests, the nature of the allegations suggests Plaintiff intends to seek discovery into Dechert's former representation of its client RAK (as well as itself) in various litigations. Compl. ¶¶ 13, 30. As Dechert is a law firm, such discovery is subject to the intricate application of confidentiality and privilege rules, made all the more complex by the fact that Dechert represented RAK, a foreign sovereign entity, across numerous foreign jurisdictions, including the United Kingdom. Such discovery would thus impose very significant burdens on Dechert, and potentially on the Court, and thus should be deferred until the Court has had an opportunity to resolve the pending motions.

Notably, even if Plaintiff's CFAA claims were viable (which they are not), the damages at issue would be miniscule, far less than the cost of discovery. As noted above, the only damages available under the CFAA are those for technological harms, and even Plaintiff's insufficient effort to allege such harms here points at most to the costs of an investigation—likely amounting to no more than damages one seeks in small claims court.

## III. A Brief Stay Would Not Prejudice Plaintiff

The alleged hacking took place over six years ago. Plaintiff has already conducted the investigation for which he seeks damages. There is thus no prejudice to Plaintiff to briefly await the Court's ruling on the motions to dismiss. And "a stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Spinelli v. National Football League*, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015).

KAPLAN HECKER & FINK LLP

4

Respectfully submitted,

Sean Hecker