

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
ATTORNEYS AND COUNSELORS AT LAW

330 Madison Avenue, 27th Floor
New York, NY 10017
T 212.413.9000  F 646.428.2610
nelsonmullins.com

Samuel Rosenthal
T: 202.689.2915
sam.rosenthal@nelsonmullins.com

October 31, 2023

Via ECF

The Honorable Ona Wang
United States District Court
Southern District of New York
United States District Court
500 Pearl Street
New York, NY 10007
Wang_NYSDChambers@nysd.uscourts.gov

  Re: El Omari v. Dechert LLP, et al., Civil Case No. 23-cv-4607.

Dear Magistrate Judge Wang:

  We write on behalf of Defendants Del Rosso and Vital Management (the "Vital Defendants") in response to the request by Plaintiff to file a redacted copy of an allegedly anonymous email (ECF No. 70, dated October 21, 2023), and another allegedly anonymous email received October 27, 2028 (ECF 74). Plaintiff's submissions seek to introduce new material not previously addressed by Defendants when they filed their Reply Memorandum on October 25, 2023.

  To call the process now employed by Plaintiff as being unorthodox would be a gross understatement. Contrary to the assertion by Plaintiff, see ECF 70, this Court nowhere suggested that the approach taken by Plaintiff was proper. Plaintiff has abandoned any pretense of adhering to rules of procedure or evidence in submitting documents from an allegedly anonymous source, declining to file complete copies of redacted documents even though he represented in open court during the last status conference that he would do so. Plaintiff also has sought to conceal from the Court through his redactions information evidently demonstrating that Plaintiff was well aware that his data was hacked more than three years before filing the lawsuit (see ECF 73, Rosenthal Supp. Decl., Ex. B), at a time when it has not been established that the Vital Defendants were even working with Dechert

  Plaintiff's latest submission offers elaborate conclusions about the emails and what they "prove." In fact, contrary to the speculation by Plaintiff, those emails prove two undeniable facts. First, if the "KB" emails are indeed authentic, and are not being distributed to various counsel by

The Honorable Ona Wang
October 31, 2023
Page 2

Plaintiff or his proxy, then some third party has access to the data supposedly hacked from Plaintiff and has repeatedly been disseminating it for his or her own purposes. That alone is sufficient to undermine Plaintiff's assertions that any hacking of his data must have been at the direction of Defendants.

Second, the documents undermine the entire argument by Defendant that he had no notice that his data was hacked until notified in January of 2023 of the proceedings in London regarding the Defendants' stolen laptop. See Compl., ¶ 19. Defendant previously concealed from the Court in his redacted copy of the earlier KB email that a letter was received in 2018, notifying him that his data was hacked. Although we requested that Plaintiff produce a copy of that letter since he has attempted to place the KB email before the Court, see ECF 72, he has declined to do so. Instead, he has now produced yet another email evidently indicating that not once, but twice, notice was sent either to Plaintiff or his attorney, Mr. Moore, of the hacking. Plaintiff's proposed Exhibit 9 contains a letter dated January 25, 2017, advising that his website had been hacked in 2014. See Proposed Ex. 9, at 3. Just looking at the size and dates of the document leads to the conclusion that the two letters referenced in the KB emails are different. In any event, either of the letters would lead to the conclusion that Plaintiff had notice of the hacking more than three years prior to filing the lawsuit, and that his claim is time-barred.

Accordingly, if the Court considers the unorthodox submissions by Plaintiff of the KB Emails in contravention of court rules, they only confirm that Plaintiff's case lacks merit and should be dismissed.

        Respectfully submitted,

        NELSON MULLINS RILEY &
        SCARBOROUGH, LLP

        By: /s/ Samuel Rosenthal
        Samuel Rosenthal
        *Counsel for Nicholas Del Rosso and Vital Management, Inc.*

cc: All counsel of record (by ECF)